IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES ALEXANDER/RYAHIM
ADC #111057                                                                                         PLAINTIFF

V.                                      5:04CV00106 GH/JTR

RANDALL E. MANUS, Cummins Unit,
Arkansas Department of Correction                                                                    DEFENDANT

**ORDER**

Plaintiff, who is currently incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction, has filed a Motion for Appointment of Counsel and a Motion to Proceed as Co-Counsel.[1] *See* docket entries #44 and #45. For the reasons set forth herein, Plaintiff's Motion for Appointment of Counsel will be granted, and his Motion to Proceed as Co-Counsel will be denied.

**I. Motion for Appointment of Counsel**

It is well settled that a *pro se* litigant has no statutory or constitutional right to have counsel appointed in a civil case. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). However, the Court may, in its discretion, appoint counsel for a *pro se* prisoner if it is convinced that he has stated a non-frivolous claim and that "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability

---

[1] Plaintiff entitled his pleading as a "Motion to Proceed as Copilot." *See* docket entry #44. However, the Court believes that it is more properly characterized as a Motion to Proceed as Co-Counsel.

to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id*. at 1322-23. "These factors are 'by no means an exclusive checklist,' and the weight to be given any one factor will vary with each case." *Id*. at 1323; *see also Stevens*, 146 F.3d at 546; *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

In this § 1983 action, Plaintiff alleges that Defendant Randall E. Manus violated his First Amendment right to access the courts. *See* docket entries #2, #14, and #29. Specifically, Plaintiff contends that Defendant Manus's delay in providing Plaintiff with copies of his legal materials caused Plaintiff to miss the statutory deadline for filing his habeas corpus petition in federal court. *Id.* Additionally, Plaintiff has requested a jury trial, and the Court has previously denied Defendant's Motion to Dismiss. *See* docket entries #2, #21, and #40.

Given the seriousness of Plaintiff's claim and his inability to prosecute that claim before a jury without the assistance of counsel, the Court concludes that appointment of counsel is warranted at this time. Accordingly, the Court will grant Plaintiff's Motion and appoint Mr. Horace A. Walker, who has been randomly selected from a list of attorneys licensed to practice before this Court.

## II. Motion to Proceed as Co-Counsel

Plaintiff has also filed a Motion requesting permission to proceed as co-counsel in this case. *See* docket entry #44. However, because Plaintiff is not a licensed attorney authorized to practice before this Court, he cannot proceed as "co-counsel." Nevertheless, Plaintiff is encouraged to cooperate with and assist his attorney in the litigation of this case.[2] Accordingly,

---

[2]Plaintiff has the option of representing himself in this action, without the assistance of counsel. However, such a course of action is <u>highly discouraged</u> when a case is scheduled to proceed to a jury trial.

Plaintiff's Motion to Proceed as Co-Counsel will be denied.

### III.  Other Matters

Plaintiff is advised that, because counsel has been appointed to represent him, *pro se* filings will no longer be accepted by the Court.  Instead, all future pleading must be filed by Plaintiff's appointed attorney.  Additionally, because dispositive motions have already been filed and counsel has been appointed, the Court will inform the Honorable George Howard Jr., United States District Judge, that this case is ready to be set on his docket for a jury trial.

### IV.  Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion for Appointment of Counsel (docket entry #45) is GRANTED.

2. Plaintiff's Motion to Proceed as Co-Counsel (docket entry #44) is DENIED.

3. Mr. Horace A. Walker, 518 Pyramid Road, Second & Center Streets, Little Rock, AR 72201, is APPOINTED to represent Plaintiff in this § 1983 action.

4. The Clerk is directed to send a copy of this Order, the remainder of the file, and Local Rule 83.7 to Mr. Walker.

5. The Clerk is directed to refrain from filing any future *pro se* pleadings from Plaintiff.

Dated this 5th day of July, 2005.

_____
UNITED STATES MAGISTRATE JUDGE