# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CHARLES ALEXANDER/RYAHIM
ADC #111057                                                                                          PLAINTIFF

V.                                      5:04CV00106 SWW/JTR

RANDALL E. MANUS, Cummins Unit,
Arkansas Department of Correction                                                                    DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the

United States District Judge was not offered at the hearing before the
Magistrate Judge.

3.   An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I.  Introduction

Pending before the Court is a *pro se* Motion to Enforce the Settlement Agreement filed by Charles Alexander/Ryahim, a prisoner in the Arkansas Department of Correction . *See* docket entry #98.  For the following reasons, the Court recommends that the Motion be denied.[1]

## II.  Discussion

In March of 2004, Ryahim commenced this § 1983 action alleging that Defendant, Randall Manus, violated his First Amendment right to access the courts when he wrongfully prevented Plaintiff from timely filing a federal habeas petition. *See* docket entries #2, #14, and #29. In 2008, Plaintiff, who was assisted by appointed counsel, settled his claim against Defendant. *See* docket entries #96 and #97. Accordingly, on April 30, 2008, the Court dismissed this action, with prejudice. *Id.*

---

[1] On January 28, 2010, the Honorable Susan Webber Wright, United States District Judge, referred the Motion to this Court for resolution.  *See* docket entry #99.

In the pending Motion, Ryahim asserts that Defendant has violated an alleged "no retaliation" clause contained in the 2008 Settlement Agreement.[2] *See* docket entry #98. Specifically, he alleges that Defendant has retaliated against him by: (1) transferring him to another unit; (2) reducing his custody status; and (3) housing him in a two-man cell with dangerous inmates. *Id.* He also alleges that Defendant is currently denying him access to the courts by preventing him from filing a new, successive habeas petition in federal court. *Id.*

The allegedly retaliatory conduct of Defendant constitutes *new constitutional violations* arising after Plaintiff executed the 2008 Settlement Agreement.[3] Thus, he must pursue those claims by filing a new § 1983 action after he has fully and properly exhausted his administrative remedies. *See* 42 U.S.C. § 1997e(a); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion to Enforce the Settlement Agreement (docket entry #98) be DENIED.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

---

[2] Plaintiff has not provided the Court with a copy of the Settlement Agreement.

[3] While the Settlement Agreement may contain a "no retaliation" clause, it has no force or effect in conferring any legal rights or benefits to Plaintiff. As a matter of law, no state actor can retaliate against a prisoner for exercising his or her constitutional rights. *See Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Nei v. Dooley,* 372 F.3d 1003, 1007 (8th Cir. 2004).

Dated this 11th day of February, 2010.

                                                      _____
                                                      UNITED STATES MAGISTRATE JUDGE